UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KAMISHA GIBSON, as Personal Representative
of the Estate of JERRIONTE JAMAL GIBSON,

      Plaintiff,
v.

                                               Case No.:   : 9:24cv81290

WEST PALM BEACH POLICE
DEPARTMENT & THE CITY OF WEST
PALM BEACH,

      Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON, and seeks judgement against Defendants the WEST PALM BEACH POLICE DEPARTMENT and THE CITY OF WEST PALM BEACH, and states as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3), (4). This Court has supplemental jurisdiction over Plaintiff KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON's state law claim pursuant to 28 U.S.C. § 1367.

2. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts and omissions giving rise to Plaintiff KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON's claims occurred within the Southern District of Florida in the City of West Palm Beach.

3. Assignment to the West Palm Beach Division of the Southern District of Florida is proper because a substantial part of the acts and omissions giving rise to this claim occurred in West Palm Beach, Florida.

4. At all material times the WEST PALM BEACH POLICE DEPARTMENT was a governmental agency that operated a police department that had jurisdiction over West Palm Beach, Florida.

5. At all material times the CITY OF WEST PALM BEACH was a governmental entity that assisted in the operation of the WEST PALM BEACH POLICE DEPARTMENT that had jurisdiction over West Palm Beach, Florida.

6. At all material times, KAMISHA GIBSON natural parent and mother of JERRIONTE JAMAL GIBSON.

7. At all material times, KAMISHA GIBSON was the duly appointed Personal Representative of the Estate of her natural son, JERRIONTE JAMAL GIBSON. *Exhibit A – Letters of Administration and Exhibit B – Order Appointing Kamisha Gibson as Personal Representative.*

8. All pre-requisites to bringing this action have been met, including notice pursuant to Fla. Stat. Sec. 768.28 which was timely served within the applicable statute of limitations.

**FACTS GIVING RISE TO CLAIMS**

9. On or about November 14, 2022, Samantha Arias was in distress and called 911 to come to the location where she was for assistance.

10. JERRIONTE JAMAL GIBSON was present with Samantha at the scene.

11. Earlier that day, there was another shooting in the City of West Palm Beach, unrelated to the incident for which Ms. Arias called 911. As a result, there was a lot of law enforcement in the area presumably investigating that particular crime scene.

12. Detective Paul Creelman responded to the call made by Samantha Arias.

13. Upon information and belief, JERRIONTE JAMAL GIBSON and/or Samantha Arias were still on the phone with 911 dispatch when Detective Paul Creelman arrived.

14. Upon information and belief, JERRIONTE JAMAL GIBSON then handed his phone to the detective to speak directly with dispatch.

15. Upon information and belief, Detective Paul Creelman was wearing a body camera during the entirety of the call.

16. Upon information and belief, JERRIONTE JAMAL GIBSON attempts to get away from Detective Paul Creelman where the detective fatally shoots JERRIONTE JAMAL GIBSON in the back.

17. Despite repeated requests prior to filing this suit, and as recently as March 2024, the West Palm Beach Police have withheld all necessary documents pursuant to an active criminal investigation, despite the death occurring nearly two years before.

18. Upon information and belief, Detective Paul Creelman never called for backup.

19. Upon information and belief, Detective Paul Creelman inappropriately, excessively, and fatally escalated the situation.

20. Upon information and belief, JERRIONTE JAMAL GIBSON was not a harm to himself nor others immediately before he was fatally shot.

21. Upon information and belief, JERRIONTE JAMAL GIBSON had no weapons on his person at the time he was fatally shot.

22. Upon information and belief, JERRIONTE JAMAL GIBSON was not an immediate threat to Detective Paul Creelman.

23. Despite the warning and obvious need for appropriately trained intervention, Detective Paul Creelman responded without any back-up and observed JERRIONTE JAMAL GIBSON in a residential neighborhood.

24. At the time Detective Paul Creelman arrived, JERRIONTE JAMAL GIBSON was not in the vicinity of any other persons and did not pose a danger to any other person.

25. Instead, contrary to professional police training and intervention, Detective Paul Creelman created a conflict with a person without any back-up or professional assistance.

26. Detective Paul Creelman was in a position to wait for back-up and professional assistance so he could avoid escalating the matter, instead he prepared to use deadly force on an unarmed JERRIONTE JAMAL GIBSON.

27. At all material times, Detective Paul Creelman was acting within the course and scope of his employment with the Defendant, WEST PALM BEACH POLICE DEPARTMENT.

### COUNT I – WRONGFUL DEATH DUE TO THE NEGLIGENCE OF THE WEST PALM BEACH POLICE DEPARTMENT

28. Plaintiff re-alleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

29. At all times material hereto, Detective Paul Creelman owed a duty of care to Plaintiff to use reasonable care and/or caution when responding to calls by individuals.

30. Detective Paul Creelman breached the above-mentioned duty by negligently and/or carelessly operating and/or maintaining his firearm so that it struck JERRIONTE JAMAL GIBSON.

31. At all material times, the Defendant, WEST PALM BEACH POLICE DEPARTMENT through its employee, agents, and/or apparent agent, including but not limited to

Detective Paul Creelman, was below the standard of care, and acted in a negligent manner as follows:

    a. Using deadly force upon JERRIONTE JAMAL GIBSON, when non-deadly force was reasonable and appropriate under the circumstances;

    b. Failure to be trained or use proper police technique in defusing a situation;

    c. Failing to utilize non-deadly force in a situation that required such use;

    d. Using deadly force when he could have and should have avoided using such force, even if it required waiting for back up to assist with detaining JERRIONTE JAMAL GIBSON;

    e. Failing to follow policies and procedures regarding use of deadly and non-deadly force;

    f. Failing to utilize or be trained on proper methods to detain persons with less lethal force;

    g. Failing to utilize a Crisis Intervention Team (CIT) to have properly trained individuals to deal with crisis involving person with mental health issues;

    h. Under all the circumstances failing to act reasonably, including using deadly force when such force should and could have been avoided if acting as a reasonable and prudent law enforcement officer.

32. As a direct and proximate result of the above negligence of the Defendant, WEST PALM BEACH POLICE DEPARTMENT, through its employees, agents, and/or apparent agents, including but not limited to Detective Paul Creelman, JERRIONTE JAMAL GIBSON was wrongfully killed.

WHEREFORE, Plaintiff, KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON demands judgment against the WEST PALM BEACH POLICE DEPARTMENT for all damages pursuant to the wrongful death act, together with costs, and any other relief this Court deems appropriate.

### COUNT II – WRONGFUL DEATH DUE TO THE NEGLIGENCE OF THE CITY OF WEST PALM BEACH

33. Plaintiff re-alleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

34. At all times material hereto, Detective Paul Creelman owed a duty of care to Plaintiff to use reasonable care and/or caution when responding to calls by individuals.

35. Detective Paul Creelman breached the above-mentioned duty by negligently and/or carelessly operating and/or maintaining his firearm so that it struck JERRIONTE JAMAL GIBSON.

36. At all material times, the Defendant, CITY OF WEST PALM BEACH through its employee, agents, and/or apparent agent, including but not limited to Detective Paul Creelman, was below the standard of care, and acted in a negligent manner as follows:

   a. Using deadly force upon JERRIONTE JAMAL GIBSON, when non-deadly force was reasonable and appropriate under the circumstances;

   b. Failing to be trained or use proper police technique in defusing a situation;

   c. Failing to utilize non-deadly force in a situation that required such use;

   d. Using deadly force when he could have and should have avoided using such force, even if it required waiting for back-up to assist with detaining JERRIONTE JAMAL GIBSON;

    e. Failing to follow policies and procedures regarding use of deadly and non-deadly force;

    f. Failing to utilize or be trained on proper methods to detain persons with less lethal force;

    g. Failing to utilize a Crisis Intervention Team (CIT) to have properly trained individual to deal with crisis involving person with mental health issues;

    h. Under all the circumstances failing to act reasonably, including using deadly force when such force should and could have been avoided if acting as a reasonable and prudent law enforcement officer.

    i. As a direct and proximate result of the above negligence of the Defendant, CITY OF WEST PALM BEACH, through its employees, agents, and/or apparent agents, including but not limited to Detective Paul Creelman, JERRIONTE JAMAL GIBSON was wrongfully killed.

WHEREFORE, Plaintiff, KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON demands judgment against the CITY OF WEST PALM BEACH for all damages pursuant to the wrongful death act, together with costs, and any other relief this Court deems appropriate.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEIZURE EFFECTUATED BY EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT AGAINST THE WEST PALM BEACH POLICE DEPARTMENT

37. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

38. At all relevant times to this action, JERRIONTE JAMAL GIBSON, a citizen of the United States and the State of Florida, had a clearly established right under the Fourth Amendment,

made applicable to the states through the Fourteenth Amendment, to be free from seizures effectuated through the use of excessive force.

39. Through his actions set forth herein, Detective Paul Creelman, while acting under color of state law, conducted an unreasonable seizure in that he employed excessive force, in the form of a fatal gunshot to JERRIONTE JAMAL GIBSON in violation of his Fourth and Fourteenth Amendment rights.

40. Detective Paul Creelman violated JERRIONTE JAMAL GIBSON's right to be free from seizure effectuated by excessive force when he employed force disproportionate, excessive, and unnecessary by discharging his firearm at JERRIONTE JAMAL GIBSON into his back.

41. Detective Paul Creelman's use of force was particularly excessive because JERRIONTE JAMAL GIBSON was unarmed and shot in the back. *See* Tennessee v. Garner, 471 U.S. 1, 3 (1985) ([the use of deadly force to prevent the escape of an unarmed suspected felon] may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.) (emphasis added).

42. Moreover, JERRIONTE JAMAL GIBSON was not acting in a manner posing a threat to himself or others at that time.

43. As a direct and proximate result of the above negligence of the Defendant, CITY OF WEST PALM BEACH, through its employees, agents and/or apparent agents, including but not limited to Detective Paul Creelman, JERRIONTE JAMAL GIBSON was wrongfully killed.

44. Detective Paul Creelman's use of excessive force on JERRIONTE JAMAL GIBSON establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON demands judgment against the WEST PALM BEACH POLICE DEPARTMENT for damages, together with costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and any other relief this Court deems appropriate.

### COUNT IV – VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEIZURE EFFECTUATED BY EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT AGAINST THE CITY OF WEST PALM BEACH

45. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

46. At all relevant times to this action, JERRIONTE JAMAL GIBSON, a citizen of the United States and the State of Florida, had a clearly established right under the Fourth Amendment, made applicable to the states through the Fourteenth Amendment, to be free from seizures effectuated through the use of excessive force.

47. Through his actions set forth herein, Detective Paul Creelman, while acting under color of state law, conducted an unreasonable seizure in that he employed excessive force, in the form of a fatal gunshot to JERRIONTE JAMAL GIBSON in violation of his Fourth and Fourteenth Amendment rights.

48. Detective Paul Creelman violated JERRIONTE JAMAL GIBSON's right to be free from seizure effectuated by excessive force when he employed force disproportionate, excessive, and unnecessary by discharging his firearm at JERRIONTE JAMAL GIBSON into his back.

49. Detective Paul Creelman's use of force was particularly excessive because JERRIONTE JAMAL GIBSON was unarmed and shot in the back. *See* Tennessee v. Garner, 471 U.S. 1, 3 (1985) ([the use of deadly force to prevent the escape of an unarmed suspected felon] may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the

suspect poses a significant threat of death or serious physical injury to the officer or others.) (emphasis added).

50. Moreover, JERRIONTE JAMAL GIBSON was not acting in a manner posing a threat to himself or others at that time.

51. As a direct and proximate result of the above negligence of the Defendant, CITY OF WEST PALM BEACH, through its employees, agents, and/or apparent agents, including but not limited to Detective Paul Creelman, JERRIONTE JAMAL GIBSON was wrongfully killed.

52. Detective Paul Creelman's use of excessive force on JERRIONTE JAMAL GIBSON establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, KAMISHA GIBSON, as Personal Representative of the Estate of JERRIONTE JAMAL GIBSON demands judgment against the CITY OF WEST PALM BEACH for damages, together with costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and any other relief this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted on October 16, 2024.

Lipinski Law
601 Heritage Drive, Suite 210
Jupiter, FL 33458
Office (561) 453-4800
Fax (561) 453-4801

       Attorneys for Plaintiff

       *[signature]*

       _____
       Jennifer Lipinski, Esq.
       Florida Bar Number: 99524
       Primary e-mail for service of pleadings, e-mail, correspondence, and communications:
       jen@lipinskilaw.com
       ana@lipinskilaw.com